IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMEEL CORNELIUS,

    Plaintiff,

v.

BANK OF AMERICA, N.A., MCCURDY
& CANDLER LLC, MCCURDY &
CANDLER BANKRUPTCY/FORECLOSURE
LLC, AND ANTHONY DEMARLO,

    Defendants.

CIVIL ACTION NO.
1:12-cv-0585-JEC

## ORDER & OPINION

This case is before the Court on defendants McCurdy & Candler LLC, McCurdy & Candler Bankruptcy/Foreclosure LLC, and Anthony DeMarlo's (the "McCurdy defendants") Motion to Dismiss [2], defendant Bank of America N.A.'s Motion to Dismiss [7], and the McCurdy defendants' Motion for Sanctions [14]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' Motions to Dismiss [2 & 7] should be **GRANTED** and the McCurdy defendants' Motion for Sanctions [14] should be **DENIED**.

## BACKGROUND

The complaint in this case represents plaintiff's second effort to put forth a legally cognizable claim arising from an alleged

attempted foreclosure on real property located in Hampton, Georgia. The Court dismissed plaintiff's prior suit against defendants for failure to state a claim. (*See Cornelius v. EMC Mortg. Corp.*, 1:10-CV-03967-JEC, Order of Aug. 15, 2011 [13].) Although noting that the apparent purpose of plaintiff's lawsuit was an attempt to forestall foreclosure in spite of a default on his loan payments, the Court dismissed the complaint without prejudice so that plaintiff could re-file if he so desired.[1] (*Id.* at 15-17.) The Court instructed plaintiff, however, that "in order to restate [a wrongful foreclosure] claim in the future, plaintiff is expected to allege, with absolute precision, all elements of such a claim." (*Id.* at 16.)

Despite being given an opportunity to restate a cognizable claim, plaintiff has returned with another rambling and incoherent complaint. For example, he offers no details about the underlying mortgage transaction that allegedly gives rise to his claims, albeit he apparently contends that defendants attempted to wrongfully foreclose on his property. He does not address whether he has defaulted on his loan obligations, but nevertheless argues that

---

[1] Plaintiff's efforts to avoid foreclosure began in state court four years ago. According to defendant Bank of America, on April 14, 2008, plaintiff filed a lawsuit in the Superior Court of Fulton County, Georgia in which he sought specific performance of an alleged offer to reduce his monthly payments on the loan secured by the property. (Mot. to Dismiss [7] at 3.) This case was dismissed with prejudice and affirmed on appeal. (*Id.* at 3-4.)

2

defendants lack the authority to foreclose.  His separately identified counts for slander to title, punitive damages, injury to "peace, happiness, or feelings," and recovery of expenses are likewise unsupported by any specific factual allegations.  The complaint is also interspersed with vague allegations of fraud and a passing mention of violations of assorted state and federal statutes.

Both defendants move to dismiss the complaint in its entirety, and the McCurdy defendants also move for sanctions.  Plaintiff is appearing *pro se* and the Court is mindful of its obligation to construe his pleadings broadly.  *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006)("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys").  However, this obligation does not extend to rewriting plaintiff's pleadings for him or completely disregarding federal pleading requirements. *See Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. App'x 274, 276-77 (11th Cir. 2008)(the district court cannot "act as counsel for a party").  Particularly is this so when a plaintiff has been given a second chance to file a proper complaint and fails to do so.  For the reasons that follow, all of the claims asserted in the complaint are due to be dismissed.  However, the Court in its discretion declines to sanction plaintiff at this time.

3

**DISCUSSION**

I. **MOTIONS TO DISMISS**

   A. **Applicable Standard**

   In deciding a motion to dismiss, the Court assumes that all of the allegations in the complaint are true and construes the facts in favor of the plaintiff. *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010). That said, in order to avoid dismissal a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "facial[ly] plausib[le]" when it is supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

   B. **Wrongful Foreclosure And Attempted Wrongful Foreclosure**

   In various parts of the complaint, plaintiff insinuates that defendants are liable for wrongful foreclosure. To state a claim for wrongful foreclosure, plaintiff must allege that "a legal duty [was] owed to [him] by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury [he] sustained, and damages." *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371 (2004). A foreclosing party has the duty to

4

exercise fairly the power of sale in a deed to secure debt under O.C.G.A. § 23-2-114.  *See Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 285-86 (1994).  "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." *DeGolyer v. Green Tree Servicing, LLC*, 291 Ga. App. 444, 449 (2008).  Further, a creditor's "failure to provide proper notice constitute[s] a breach of the duty to fairly exercise the power of sale created by § 23-2-114." *Calhoun First Nat'l Bank*, 264 Ga. at 286.

As indicated above, there are no facts in the complaint from which the Court might plausibly infer that defendants either had or breached any duty to plaintiff.  *See Iqbal*, 556 U.S. at 678 (a complaint must contain more than an "unadorned, the-defendant-unlawfully-harmed-me-accusation" to survive a motion to dismiss).  In particular, plaintiff fails to identify the parties with whom he executed a promissory note and security deed.  He fails to allege that he is either current on his loan obligations, or in a default triggering the possibility of foreclosure.

Crucially, plaintiff also fails to clearly allege that defendants conducted a foreclosure sale or initiated foreclosure proceedings.  When given the opportunity to clarify the issue after the McCurdy defendants represented that no foreclosure sale was pending, plaintiff merely declared that the issue was not "germane"

5

to his complaint. (Pl.'s Resp. to Defs.' Mot. for Sanctions [15] at 8.) Contrary to plaintiff's suggestion, an allegation that defendants have initiated foreclosure proceedings is essential to his claim for wrongful foreclosure. *See Mayrant v. Deutsche Bank Trust Co. Americas*, Civil Action File No. 1:10-cv-3094-TWT, 2011 WL 1897674, at *2 (N.D. Ga. May 17, 2011)(Thrash, J.)(granting summary judgment on a wrongful foreclosure claim where no sale had occurred or was currently scheduled) and *Roper v. Parcel of Land*, Civil Action File No. 1:09-cv-0312-RWS, 2010 WL 1691836, at *2 (N.D. Ga. Apr. 23, 2010)(Story, J.)(same). Without such an allegation, there is no basis for inferring that plaintiff incurred injury or damages.

Assuming, for the sake of argument, that plaintiff was in a position to sue for wrongful foreclosure, his complaint falls far short of stating a plausible claim for relief. The essential thrust of plaintiff's wrongful foreclosure claim is that defendants lack the authority to foreclose on the property because the promissory note and the security deed associated with his mortgage were "split." Plaintiff's persistent argument that separating his Note from the Security Deed on the property renders his loan obligation a nullity is frivolous. No Court has held that "splitting" a note from a deed destroys a debtor's underlying obligation to pay his mortgage. *See LaCosta v. McCalla Raymer, LLC,* Civil Action No. 1:10-cv-1171-RWS, 2011 WL 166902, at *3-*6 (N.D. Ga. Jan. 18, 2011)(Story, J.)

6

(rejecting a "splitting" claim) and *Morgan v. Ocwen Loan Servicing, LLC*, 795 F. Supp. 2d 1370, 1375 (N.D. Ga. 2011)("Separation of the note and security deed creates a question of what entity would have the authority to foreclose, but does not render either instrument void.").

Plaintiff also makes passing mention to the requirement to give "notice of default." As best the Court can tell, plaintiff's reference to the "notice of default" refers to the default notice required by 12 U.S.C. § 3706. (*See* Pl.'s Resp. [12] at 7-8 and Pl.'s Resp. to Mot. for Sanctions [16] at 8.) This provision sets forth the manner in which the Secretary of the Department of Housing and Urban Development may give notice of default when foreclosing on multifamily mortgages. *See* 12 U.S.C. §§ 3702(2), 3703 (defining multifamily mortgages and explaining the conditions under which the Secretary may foreclose on those mortgages). Plaintiff does not allege that a multifamily property is involved in this case, much less how this provision offers him a private right of action.

In fact, plaintiff's complaint seems to target past efforts to pursue foreclosure on his property. As such, any cognizable claim would necessarily rest on a theory of wrongful attempted foreclosure. To prevail on such a claim, plaintiff must establish a "knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were

7

sustained as a direct result of this publication." *Aetna Fin. Co. v. Culpepper*, 171 Ga. App. 315, 319 (1984). Plaintiff's allegations are unclear about whether defendants ever published anything that mentioned his property, and likewise whether any such publication contained "untrue" or "derogatory" information. Neither does plaintiff allege that any damages stemmed from said publication. For all of these reasons, any claim that plaintiff intends to assert for wrongful foreclosure or wrongful attempted foreclosure is **DISMISSED**.

Finally, to the extent plaintiff is requesting injunctive relief, a borrower who executes a security deed and defaults on a loan cannot enjoin a foreclosure sale unless he has first paid the full amount due. *See Smith v. Citizens & S. Fin. Corp.*, 245 Ga. 850, 852 (1980)("Appellants have made no tender of the indebtedness secured by the deed to secure debt and thus are not entitled to set aside the sale under power.") and *Mickel v. Pickett*, 241 Ga. 528, 535 (1978)("A borrower who has executed a [security deed] is not entitled to enjoin a foreclosure sale unless he first pays or tenders to the lender the amount admittedly due."). Plaintiff does not allege that his loan is current, nor has he offered to make his loan current. Thus, he is prohibited from enjoining any foreclosure sale.

**C.** **Slander Of Title**

Under Georgia law, "[t]he owner of any estate in lands may bring an action for libelous or slanderous words which falsely and

8

maliciously impugn his title if any damage accrues to him therefrom." O.C.G.A. § 51-9-11. In order to sustain an action of this kind, plaintiff must allege and prove "the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." *Latson v. Boaz*, 278 Ga. 113, 114 (2004). A person who asserts a claim of slander of title can "recover only such special damages as [he] actually sustained as a consequence of the alleged wrongful acts, and [he is] required to plead them plainly, fully, and distinctly." *Id.*

Despite being put on notice in the prior action that simply claiming damages of millions of dollars without further explanation is wholly insufficient to properly plead special damages, plaintiff once again offers threadbare allegations. The failure to adequately plead special damages dooms his claim for slander of title. *See Jackman v. Hasty*, Civil Action No. 1:10-cv-2485-RWS, 2011 WL 854878, at *6 (N.D. Ga. Mar. 8, 2011)(Story, J.)(dismissing a slander of title claim for failure to allege special damage) and *Harmon v. Cunard*, 190 Ga. App. 19, 20 (1989)(finding insufficient proof of special damages where no specific figures were offered for the damage allegedly suffered). Plaintiff's claim for slander of title is therefore **DISMISSED**.

9

### D. Injury To Peace, Happiness, Or Feelings

Plaintiff cites to O.C.G.A. § 51-12-6 seeking damages for injury to peace, happiness, or feelings. This provision is merely a statement setting forth the measure of damages for claims involving emotional distress.[2] It does not give rise to a separate cause of action.

To the extent plaintiff's allegations can be viewed as asserting a cause of action for intentional or negligent infliction of emotional distress, these claims fail as a matter of law. To assert a claim for intentional infliction of emotional distress, plaintiff must show "(1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Blue View Corp. v. Bell*, 298 Ga. App. 277, 279 (2009). Plaintiff fails to set forth facts rendering it plausible that he has even suffered emotional distress, much less that it was severe.

As for a claim for the negligent infliction of emotional distress, there is no such independent tort under Georgia law. *See Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583, 588 (2000)(declining to "adopt any rule which might, in effect, create a separate tort

---

[2] Plaintiff cites to O.C.G.A. § 51-12-7 as well. Like O.C.G.A. § 51-12-6, however, this provision is merely a statement of the type of damages available for an otherwise compensable injury.

10

allowing recovery of damages for the negligent infliction of emotional distress"). Instead, Georgia adheres to the "impact rule," which only permits recovery for emotional distress caused by negligent conduct where plaintiff has suffered a physical injury. *Id.* at 584. Plaintiff has made no such allegation here. Accordingly, plaintiff's claims premised on the imposition of emotional distress are **DISMISSED**.

### E. Remaining State Law Claims

1. Fraud

To the extent plaintiff is claiming defendants committed any sort of fraud, his pleading fails to comply with the requirements of Federal Rule of Civil Procedure 9(b). Specifically, plaintiff has not identified the "who, what, where, when, and how" of any false statement made by defendants, which is required by Rule 9(b). *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)(a fraud complaint must set forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."). Without these essential allegations, any potential fraud claim fails and is thus **DISMISSED**.

11

### 2. Trespass

Plaintiff makes repeated assertions about an alleged "trespass" by defendants. It is unclear from the complaint whether plaintiff is referring to a trespass to his rights, or an actual physical encroachment on his property. *See* O.C.G.A. § 51-9-1 and *Tacon v. Equity One, Inc.*, 280 Ga. App. 183, 188 (2006)(discussing the Georgia tort for physical invasion of property). In any event, he has not alleged sufficient facts to render it plausible that defendants unlawfully interfered with his possessory interest in the property. Plaintiff's "trespass" claim is therefore **DISMISSED**.

### 3. Breach of Contract

The complaint also echoes claims plaintiff made in his earlier suit that defendants lacked authority to assign his debt obligations because of some unspecified written agreement. Again, plaintiff does not allege that he was a party to this mystery agreement and lacks standing to sue for breach of the same. *See* O.C.G.A. § 9-2-20(a)("As a general rule, an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent."). (*See also Cornelius v. EMC Mortg. Corp.*, 1:10-cv-03967-JEC, Order of Aug. 15, 2011 [13] at 5-8.) Accordingly, plaintiff's breach of contract claim is **DISMISSED**.

12

### 4. Punitive Damages

Pursuant to the above rulings, all of plaintiff's claims that could potentially result in punitive damages have been dismissed. As such, plaintiff's claim for punitive damages must fail as well. *See S. Gen. Ins. Co. v. Holt*, 262 Ga. 267, 269 (1992)(noting that punitive damages may not be recovered where there is no entitlement to compensatory damages) and *Fine v. Commc'n Trends, Inc.*, 305 Ga. App. 298, 305 (2010). The asserted claim for punitive damages is therefore **DISMISSED**.

### F. <u>Federal Law</u>

Plaintiff's complaint is rife with citations to various federal statutes and regulations. However, he fails to provide any factual support for how or why defendants violated these federal provisions. Vague references to statutes, without any factual support that would demonstrate why defendants are subject to the statute and how they have violated it, do not give rise to a plausible claim for relief.

Even assuming plaintiff provided a sufficient factual predicate for his claims, the statutes upon which he relies are unavailing. The HUD regulations that plaintiff cites, 24 C.F.R. 203.500 and 24 C.F.R. 203.602, were promulgated under the National Housing Act, and the breach of these regulations do not ordinarily provide a private right of action. *See Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360 (5th Cir. 1977)(HUD regulations promulgated under the NHA "deal only

13

with the relations between the mortgagee and the government, and give the mortgagor no claim to duty owed nor remedy for failure to follow.") and *Moses v. Banco Mortg. Co.*, 778 F.2d 267, 272 n.2 (5th Cir. 1985)(noting that four other circuits have held that the Housing Act and regulations promulgated thereunder do not create private right of action).[3]

Plaintiff also cites to 12 C.F.R. § 590.4(h)(2). That regulation "sets forth a federal preemption scheme that protects certain borrowers from unfair lending and foreclosure practices." 12 C.F.R. § 590.4(h)(2). However, it only applies to "manufactured homes" as defined in 42 U.S.C. § 5402(6). *Chinn v. PNC Bank, N.A.*, 451 Fed. App'x 859, 860 (11th Cir. 2012). Plaintiff has not alleged that his property is a manufactured home. Thus, even if defendants did violate this regulation, there is no basis for concluding that his mortgage is covered by the regulation. *Id.* (affirming dismissal of claim premised on violation of 12 C.F.R. § 590.4(h) where plaintiff failed to allege that his residence was a manufactured home).

Plaintiff also cites to provisions of the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act. However,

---

[3] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

14

aside from his mere citation to these statutes, plaintiff fails to offer any factual support that would explain how defendants violated these statutory schemes. Accordingly, these claims fail to state a plausible claim for relief and are due to be dismissed. *See Boone v. JP Morgan Chase Bank, N.A.*, 447 Fed. App'x 961, 964-65 (11th Cir. 2011)(holding that a RESPA claim was properly dismissed where plaintiff did not provide any "details to explain how Chase violated [RESPA] nor provide any factual allegations in support of her claim").

In his two responses to defendants' motion for sanctions, plaintiff recites even more statutes that he contends defendants violated. (Pl.'s Resp. to Mot. for Sanctions [16] at 16-17.) However, most of these statutes do not appear anywhere in his complaint, and the Court will not rewrite plaintiff's pleadings to include them for him. *See Lampkin-Asam*, 261 Fed. App'x at 276-77. Furthermore, they suffer from the same lack of factual support as his initial complaint.[4] For all of these reasons, plaintiff's federal

---

[4] As above, even if he did provide adequate factual support for his claims, many of the statutes upon which he relies do not offer a private cause of action. *See Ponder v. Bank of New York Mellon*, Civil Action No. 5:10-cv-144 (CAR), 2010 WL 2950681, at *1 (M.D. Ga. July 21, 2010)("Plaintiff also cites 12 U.S.C. §§ 3752, 3753, and 3758. These statutes relate to foreclosure proceedings by the Secretary of Housing and Urban Development and can have no bearing on any of Plaintiff's claims."); *Platero v. Bank of Am., N.A.*, Civil Action No. 3:11-cv-3421-M, 2012 WL 2368465, at *4 (N.D. Tx. May 25, 2012), *adopted by* 2012 WL 2373297 (dismissing a claim for violation

15

claims are **DISMISSED**.

### G. Dismissal With Or Without Prejudice

Pursuant to the above rulings, the Court is dismissing plaintiff's complaint as to all defendants for failure to state any claims. Defendants ask the Court to dismiss plaintiff's complaint with prejudice. As mentioned above, this is plaintiff's second effort to put forth a legally cognizable complaint before this Court. In this second effort, plaintiff has violated Federal Rule of Civil Procedure 8(a)(2) and ignored the Court's previous instruction that he should clearly allege facts to support all elements of his asserted claims. Morever, plaintiff has not requested another opportunity to amend his complaint. Allowing plaintiff a third bite at the apple will result in an already unnecessarily prolonged dispute, further expenditures of resources, and an unnecessary burden on the Court's docket. Plaintiff's Complaint [1] is therefore **DISMISSED with prejudice**. *See Carvel v. Godley*, 404 Fed. App'x 359 (11th Cir. 2010)(affirming dismissal of *pro se* plaintiff's second amended complaint with prejudice where plaintiff failed to correct deficiencies identified by court).

---

of 20 C.F.R. § 203.344 because it does not provide a private right of action); and *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113 (11th Cir. 2012)(there is no private right of action under the Emergency Economic Stabilization Act of 2008 and the Home Affordable Mortgage Program).

Although the Court has decided to dismiss the present claims with prejudice, it is important to note that plaintiff's wrongful foreclosure claim is deficient primarily because plaintiff has not alleged that there is a pending or threatened foreclosure. Should plaintiff's property ultimately be sold at a foreclosure sale, his wrongful foreclosure claim would then be ripe and could be filed, assuming he alleges facts sufficient to suggest that the foreclosure is wrongful for some reason. Plaintiff is cautioned that he will be required to pay sanctions if he files any other complaints restating the above or related claims prior to defendants' foreclosure of his property.

## II.  **SANCTIONS**

The McCurdy defendants move under Federal Rule of Civil Procedure 11 for sanctions against plaintiff requesting the costs and attorney's fees they have incurred in defending against this litigation. Rule 11 authorizes sanctions against a party who pursues a frivolous legal claim. It requires plaintiff to certify that "to the best of [his] knowledge, information and belief," his claim is "warranted by existing law or by a nonfrivolous argument for the extending, modifying, or reversing existing law...or for establishing new law." FED. R. CIV. P. 11(b)(2). If the claim is not so warranted, the Court may impose an appropriate sanction. *Id.* at 11(c). Although Rule 11 applies to *pro se* plaintiffs, the court must "take

17

into account a plaintiff's *pro se* status when it determines whether [a] filing [i]s reasonable." *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990).

The Court agrees that plaintiff has abused the litigation process in this case. However, because plaintiff is appearing *pro se*, and the Court explicitly gave him permission to attempt to put forth a legally sufficient complaint, sanctions are inappropriate at this time. *See Buckley v. Bayrock Mortg. Corp.*, Civil Action File No. 1:09-cv-1387-TWT, 2010 WL 476673, at *10 (N.D. Ga. Feb. 5, 2010)(Thrash, J.)(adopting an R&R denying a motion for sanctions based on the court's recommendation that the *pro se* plaintiff be given an opportunity to file an amended complaint).

Although the Court is not sanctioning plaintiff, this complaint has been dismissed with prejudice. Therefore, plaintiff is put on notice that any further litigation involving these same parties, allegations, and claims will subject him to potential sanctions. To state it simply, plaintiff should file no further complaint regarding these parties and this property unless and until defendants have actually sold his property pursuant to foreclosure proceedings and plaintiff can credibly allege the elements of a wrongful foreclosure as set out in the above discussion. Further, unless plaintiff can show that he is current on his loan, there will be no order enjoining a foreclosure sale, and plaintiff should not try to obtain one.

18

## **CONCLUSION**

For the foregoing reasons, the McCurdy defendants' Motion to Dismiss [2] and defendant Bank of America N.A.'s Motion to Dismiss [7] are **GRANTED**. The McCurdy defendants' Motion for Sanctions [14] is **DENIED**. The complaint [1] is **DISMISSED with prejudice**. The Clerk is directed to close the case.

SO ORDERED, this 26th day of September, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)